UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CASE NO:

**TABATHA LEE,**
individually and on behalf of all
others similarly situated,                                             **CLASS ACTION**

      Plaintiff,                                                     **JURY TRIAL DEMANDED**

v.

**JDC HEALTHCARE, PLLC.,**

      Defendant.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT-CLASS ACTION

Plaintiff Tabatha Lee brings this class action against Defendant JDC Healthcare, PLLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      To promote its goods and services, Defendant engages in unsolicited text messaging and continues to text message consumers after they have opted out of Defendant's solicitations.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

1

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

6.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Dallas County, Texas.

7.      Defendant is a corporation whose principal office is located in Dallas County, Texas. Defendant directs, markets, and provides its business activities throughout the state of Texas.

8.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

9.      Defendant has caused multiple text messages to be transmitted to Plaintiff's cellular telephone number ending in 5283 ("5283 Number"). As shown by the screenshots below, Plaintiff asked Defendant to stop messaging her and Defendant continued to send her text messages:













3













10.    Plaintiff asked Defendant many times to stop contacting her, but Defendant continued to send her text messages. As shown by the screenshots above, Plaintiff replied "Stop" to Defendant's texts on multiple occasions, the specific method Defendant directed Plaintiff to use if she wanted it to stop sending her texts.

11.    As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

12.    As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

13.    As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding "Stop" as some of the texts directed, but Defendant continued to send text messages to Plaintiff far beyond any reasonable time needed to add her to a do-not-call list and stop further messages. Notably, many of the text messages sent by Defendant contained no instructions on how to opt-out, and Plaintiff was left without a method in those instances to instruct Defendant to stop sending her the text solicitations.

14.    Defendant sent Plaintiff at least two solicitations after her initial opt-out request.

15.    Plaintiff is the regular user of the telephone number that received the above telephonic text solicitations.

16.    Plaintiff utilizes the cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line.

17.    Upon information and believe, Defendant regularly continues to send text message solicitations to consumers' cell residential numbers long after they have asked Defendant to stop doing so by responding "Stop" to those messages.

18.    Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

19.     Defendant's failure to honor opt-out requests demonstrates that Defendant does not: 1) maintain a written policy for maintaining a do-not-call list; (2) provide training to its personnel regarding the existence and use of the do-not-call list; and/or (3) maintain a standalone do-not-call list and stop sending messages to the persons on such list. Defendant's text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ACTION ALLEGATIONS

### PROPOSED CLASS

20.   Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on

behalf of Plaintiff and all others similarly situated.

21.     Plaintiff brings this case on behalf of the Class defined as follows:

**INTERNAL DO NOT CALL CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's goods, products, or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future text messages.**

22.     Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

23.     Defendant and its employees or agents are excluded from the Class, along with all Judges and Magistrate Judges and their immediate families who participate in the adjudication of this case.

### NUMEROSITY

24.     Upon information and belief, Defendant has sent texts (a form of telephone solicitation) to cellular telephone numbers belonging to thousands of consumers  throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

6

25.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMONALITY AND PREDOMINANCE: COMMON QUESTIONS OF LAW AND FACT EXIST AND PREDOMINATE OVER ANY INDIVIDUAL ISSUES**

26.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

   a.   Whether Defendant initiated text message call solicitations to Plaintiff and the Class members;
   b.   Whether Defendant continued to send text message call solicitations after opt-out requests;
   c.   Whether Defendants maintained an internal do-not-call list, instructed their employees on how to use the list, and honored opt out requests; and
   d.   Whether Defendant is liable for statutory damages, and the amount of such damages.

27.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits texts to telephone numbers assigned to residential cellular telephone services after being asked to stop is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

28.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories and arise from the same underlying course of conduct by Defendant.

**ADEQUACY: PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

29.     Plaintiff is a representative who has no conflicts of interest with the other members of the Class, who will fully and adequately assert and protect the interests of the Class, and who has retained competent counsel experienced in class action litigation, including cases asserting violations of the TCPA, who likewise have no conflicts of interest with the members of the Class. Accordingly, Plaintiff is an adequate representative who will fairly and adequately protect the interests of the Class.

**SUPERIORITY: PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

30.      A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

31.      Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

32.      In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and

telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

33.    Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers. Under 47 U.S. § 227(a)(4), a "telephone solicitation" includes both calls and messages.

34.    Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

35.    Defendant failed to honor Plaintiff's and the Internal Do Not Call Class members' opt-out requests.

36.    Defendant's refusal to honor opt-out requests demonstrates Defendant's failure to implement a written policy for maintaining a do-not-call list, to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list, and to maintain and honor such a list.

37.    Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

38.    Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each violation.

39.    Because Defendant knowingly and willfully violated the regulation, the Court may increase the amount of the statutory award per violation for Plaintiff and the Internal Do Not Call Class up to $1,500.00, and they request the Court to do so.

40.    Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, requests the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

a) A judgment awarding statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

b) A judgment declaring that Defendant's actions, as set out above, violate the TCPA;

c) A judgment enjoining Defendant to comply with 47 C.F.R. § 64.1200(d);

d) Prejudgment and post-judgment interest at the maximum rates permissible at law or in equity; and

e) Such other and further relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Dated: May 16, 2023

*/s/ Roger L. Mandel*
Roger L. Mandel
**Jeeves Mandel Law Group, P.C.**
2833 Crockett St
Suite 135
Fort Worth, TX  76107
214-253-8300
rmandel@jeevesmandellawgroup.com

and

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo.
**HIRALDO P.A.**
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff and the Class*