IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TABATHA LEE, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:23-cv-01134-E |
| vs. | § § § | |
| JDC HEALTHCARE MANAGEMENT, LLC, | § § § § | |
| Defendant. | | |

# ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS AND FINAL JUDGMENT

**THIS MATTER COMING BEFORE THE COURT** on the Parties Joint Motion for Final Approval of Proposed Class Action Settlement (the "Final Approval Motion") seeking final approval of the Class Action Settlement Agreement and Release dated September 4, 2024 [ECF No. 48-1], certification of the Settlement Class and entry of Final Judgment. Also before the Court is Class Counsel's Unopposed Motion and Brief in Support of Attorneys' and Costs and Class Representative Service Award [ECF No. 52], which separately addresses two aspects of the Settlement:

Class Counsel's requested Fee and Expense Award and the Class Representative's requested Service Award.

On September 4, 2024, the Plaintiff filed her Unopposed Motion for Leave to Give Notice of Proposed Class Action Settlement and For Approval of Notice Program (the "Notice Motion"), which had a declaration, with supporting exhibits, of Manuel Hiraldo (ECF No. 48-2). The Court, thereafter, having reviewed same, entered an Order on September 10, 2024, granting the Notice Motion, which served to (1) find the Settlement sufficiently likely to be approved to justify sending notice to the Settlement Class, (2) find it sufficiently likely the Court would certify the Settlement Class to justify sending notice to the Settlement Class, (3) appointing Plaintiff's counsel as Class Counsel and Plaintiff Tabatha Lee as Class Representative for purposes of sending notice to the Settlement Class, and (4) approving the notice plan.

The Court, having reviewed the Settlement Agreement ("Agreement")[1] [ECF No. 48-1], the Final Approval Motion and its supporting declarations, as well as the previously filed declarations of

---

[1] The definitions in the Agreement are hereby incorporated as though fully set forth in this Final Approval Order, and capitalized terms shall have the meanings attributed to them in the Agreement.

Manuel Hiraldo and supporting exhibits, and the other pleadings and proceedings to date in this matter; and having noted that there have been **no objections and no opt-outs filed by any Settlement Class Member to the proposed Settlement and the December 9, 2024 deadline to object or exclude themselves has now passed**, HEREBY FINDS, ORDERS, ADJUDGES, and DECREES as follows:

**I.  THE SETTLEMENT CLASS IS CERTIFIED, PLAINTIFF IS APPOINTED CLASS REPRESENTATIVE, AND PLAINTIFF'S COUNSEL ARE APPOINTED CLASS COUNSEL**

1.  In the Order granting the Notice Motion, the Court approved the provision of notice to the following Settlement Class:

> **Settlement Class:** All U.S. resident individuals who use their cell phone as their residential telephone line and who were sent text messages by Defendant after making a "STOP" request and after having placed their cell phone number on the National Do-Not-Call Registry between May 17, 2019 and May 17, 2023.
>
> **Excluded from the Settlement Class** are: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any person who timely opts-out of the Settlement Class; and (6) Class Counsel, their employees, and their immediate family.

2.  The Settlement Class so defined, is hereby certified pursuant to Fed. R. Civ. P. 23(a) & (b)(3).

3.  There have been zero (0) objections and <u>zero (0)</u> opt-out requests from the Settlement Class and the December 9, 2024 deadline to either object or exclude themselves from the Settlement Class has passed.

4.  The requirements of Rule 23(a) and (b)(3) have been satisfied for the reasons stated in the Final Approval Motion. The members of the Settlement Class are so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Class Representative is typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the Settlement Class; and prosecution of separate actions by individual Settlement Class members would create a risk of inconsistent or varying adjudications with respect to them that would establish incompatible standards of conduct for Defendants.

5.  The appointment for notice purposes of Tabatha Lee as Class Representative pursuant to Rule 23(a)(1) of the Federal Rules of Civil

Procedure is made final. The Court finds that the Class Representative has adequately represented the Class to date.

6.  The Court finds that Roger L. Mandel of Jeeves Mandel Law Group, P.C., Manuel Hiraldo of Hiraldo P.A., Michael Eisenband of Eisenband Law P.A. are experienced in class litigation and have fairly and adequately protected the interests of the Settlement Class, and their appointment as Class Counsel for notice purposes is hereby made final.

## II. THE BEST NOTICE PRACTICABLE WAS PROVIDED TO THE SETTLEMENT CLASS

7.  Notice to the Settlement Class has been provided in accordance with the Court's Order granting the Notice Motion. The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the Settlement. The Court notes that no Settlement Class Member timely or ever filed an objection to the Settlement.

8.  The Court-approved Notice satisfied due process requirements because it adequately described the claims at issue and contained the information reasonably necessary for Class Members to

decide whether to make a claim in, object to, or opt out of the Settlement. The provision of a website and a telephone number to obtain more information and a method to submit claims online through the website made it sufficiently simple for Class members to make informed decisions and act upon them.

9.  All Settlement Class Members who failed to submit an objection to the Settlement in accordance with the deadline and procedure set forth in the Order are deemed to have waived and are forever foreclosed from raising any objection to the Settlement.

### III.  FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

10.  The Court finds that the Settlement resulted from extensive arms-length, good-faith negotiations between Plaintiff and Defendant, through experienced counsel and the use of a Mediator.

11.  Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is fair, reasonable, and adequate, and in the best interest of the Settlement Class, considering whether: (a) the class representative and class counsel have adequately represented the Settlement Class; the proposal was negotiated at arm's length; (b) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and

delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

12. The Court also finds that the Settlement is fair, reasonable, and adequate considering the factors set forth in *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983):

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiffs' success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of class counsel, class representatives, and absent class members.

Accordingly, the Court hereby finally approves in all respects the Settlement, as memorialized in the Agreement.

13. Class Counsel separately filed an Unopposed Motion and Brief in Support of Attorneys' Fees and Costs and Class Representative Service Awards ("Fee Motion") (ECF No. 52) on October 8, 2024, before the December 9, 2024, deadline for objecting to any aspect of the Settlement, including Class Counsel's requested Fee and Expense Award

and the Class Representative's requested Service Award. Not only were no objections filed to the Settlement, including those requested awards, but no response in opposition to the Fee Motion was ever filed with the Court.

14. The Court approves the Parties' plan to distribute the Settlement Fund as set forth in the Settlement.

15. The requested class representative service award is awarded "to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation." *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 333 (W.D. Tex. 2007). Upon consideration of Class Counsel's request for a service award to Plaintiff in this litigation and considering the agreement between the parties as reflected in the Settlement Agreement to pay a class representative service award in the amount of $5,000 to Plaintiff, and with the acknowledgement of Plaintiff's effort to come forward and act as Lead Plaintiff in this case, Plaintiff is hereby awarded a service award in the amount of $5,000 in accordance with the Settlement Agreement, and Defendant is ordered to pay Plaintiff out of the Settlement Fund in accordance with the terms of the Settlement.

16. Federal Rule of Civil Procedure 23(3) provides that "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized … by the parties' agreement." Moreover, the Supreme Court has consistently recognized the common fund doctrine to permit attorneys who obtain a recovery for a class to be compensated from the benefits achieved as a result of their efforts. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). Under the percentage of recovery method as cross-checked by the factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 720 (5th Cir. 1974), as set forth in the Fee Motion, the Court finds fair, reasonable and adequate to Class Counsel and the Class the requested and agreed-upon attorneys' fees of $333,320.00 and expenses of $11,218.31 and orders them to be paid by Defendant out of the Settlement Fund in accordance with the terms of the Settlement Agreement.

**IV.   RELEASE**

17. As provided for in the Settlement Agreement, upon the entry of this Final Approval Order and without any further action by the Court or by any Party to the Settlement Agreement, the Released Parties shall be released and forever discharged by the Plaintiff, the Settlement Class,

and each Class Member from all Released Claims. In addition, upon entry of the Final Approval Order, Plaintiff, the Settlement Class, and each Class Member shall be deemed to have, and by operation of the Final Approval Order, shall have fully, finally, and forever waived, settled, and released any and all Released Claims, regardless of subsequent discovery of additional or different facts. The Releases provided in the Agreement and herein shall include releases of unknown claims pursuant to Cal. Civil Code § 1542 and any comparable provision of state or local law. Furthermore, upon entry of the Final Approval Order, all Class Members shall be bound by the Agreement and all of their claims shall be dismissed with prejudice and released even if they never received notice of the Action, the Settlement or submitted a Claim Form.

18. Upon issuance of this Final Approval Order, Plaintiff and all Settlement Class Members shall be permanently barred and enjoined from asserting (or soliciting any other person to assert) any of the Released Claims in any action or proceeding and from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims (or soliciting any other person to do so). The Releases

shall apply to and bind all members of the Settlement Class who did not opt -out including, but not limited to, those Class Members whose Class Notices were returned as undeliverable, those who do not negotiate settlement checks sent to them, and those for whom no current address could be found through reasonable efforts.

19. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties. The Court permanently bars and enjoins each Releasing Party, including Plaintiff and all Settlement Class Members, from directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, filing, commencing, prosecuting, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction in which any of the Released Claims are asserted.

## V. FINAL JUDGMENT AND OTHER PROVISIONS

20. This Final Approval Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54(a) from which an appeal may lie. The Court has jurisdiction to enter this Final Approval Order. Without in any way

affecting the finality of this Final Approval Order, this Court expressly retains jurisdiction over Defendant and each Settlement Class Member regarding the implementation, enforcement, and performance of the Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Administrator.

21. The Parties are hereby directed to implement and consummate the Settlement as set forth in the terms and provisions of the Agreement.

22. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Agreement as are consistent with this Final Approval

Order and that do not reduce or limit the benefits and rights of Settlement Class Members under the Agreement.

IT IS SO ORDERED, this 16th day of January, 2025.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE